**THE LAYFIELD LAW FIRM, APC**
PHILIP J. LAYFIELD, ESQ. (SBN 204836)
philip@pjllawfirm.com
BRADLEY WALLACE, ESQ. (SBN #243169)
bradley@pjllawfirm.com
SCOTT A. NEWMAN. (SBN #238788)
scott@pjllawfirm.com
525 S. Douglas St., Ste. 280
El Segundo, CA 90245
Telephone: (424) 835-6100
Facsimile: (800) 644-9861

Attorneys for Plaintiff, BRIAN NICHOLAS LYTLE, an individual

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NICHOLAS LYTLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ANA, a municipal entity, SANTA ANA POLICE DEPARTMENT, a department of the City of Santa Ana, R. RIBIERO, an individual, J. RODRIGUEZ, an individual, M. MCCARTHY, an individual, C. KIRKPATRICK, an individual, and DOES 1 through 100, inclusive, and DOES 1 to 20,<br><br>Defendant. | Case No.: SACV 13-1766-DOC(JPRx)<br>Assigned to: Honorable David O. Carter<br>Assigned to: Magistrate Jean P. Rosenbluth<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>Complaint Filed: September 18, 2013 |

**PROTECTIVE ORDER RE FORCE INVESTIGATION DIVISION REPORTS**

After the Plaintiff BRYAN NICHOLAS LYTLE, (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Philip J. Layfield, Bradley S.

1

Wallace, Esq. and, Scott A. Newman Esq. of The Layfield Law Firm, APC and Defendants CITY OF SANTA ANA, RICHARD RIBERIO, JOHN RODRIGUEZ, MIKE MCCARTHY, and CAPRICE KIRKPATRICK (hereinafter referred to as "Defendants"), by and through their attorneys of record, Sonia R. Carvalho, Esq. and Laura A. Rossini, Esq. of the City of Santa Ana conferred regarding the Production of the Force Investigation Division Report(s) in the above-entitled case, **IT IS HEREBY STIPULATED AND AGREED** between the parties hereto, by their undersigned counsel of record, that the following Protective Order, and its terms shall govern documents and things in this matter:

For purposes of this Order, Confidential Materials include, but are not limited to:

A. The Santa Ana Police Department's Administrative Use of Force Investigation;

B. Any and all documents, interviews containing non-compelled statements, Officer Statements and/or writings created during the Use of Force Investigation, which include, but are not limited to, the following:

    a. Administrative Use of Force Investigation Report;
        i. Interviews that have not been compelled;
        ii. Officer Statements that have not been compelled;
        iii. Legends w/diagram;
        iv. Pictures;
        v. Investigative Narratives except those which may summarize compelled statements; and
        vi. Audio for non-compelled statements and other matters and Video Recordings

I. **TERMS OF THE PROTECTIVE ORDER**

1. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a

legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" Watermark shall be less than 2 inches by 2 inches, not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

3. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

    a. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

    b. The Court and its personnel;

    c. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4. Upon the final termination of this federal litigation, including any appeal pertaining thereto, including but not limited to any event wherein the case is ever remanded to State Court, all Force Investigation Division Report(s), materials, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof shall be returned to the offices of counsel for the defendants, 20 Civic Center Plaza, M-29, PO Box 1988, Santa Ana, CA 92702 for destruction/shredding. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the above-named office.

5. If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall

immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. However, in no event should production or disclosure be made without written approval by defendants' counsel unless plaintiffs fail to move to quash the subpoena or public record request within the time for complying with it or as required by Court Order arising from a motion to compel production or disclosure of Confidential Information. Nothing contained herein, however, is intended to authorize the refusal to comply with a lawful court order or process.

6. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information not available elsewhere; it shall be the burden of the party seeking to use such information to first request the sealing of such documents pursuant to Local Rule 79-5.1.

7. Counsel for the parties hereto agree to request that in the event any motions or applications are made in connection with any discovery or related proceeding which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information in camera.

8. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

***IT IS SO STIPULATED***:

///

///

Dated: July 10, 2014  **THE LAYFIELD LAW FIRM, APC**

By:_____
  Philip J. Layfield, Esq.
  Bradley Wallace, Esq.
  Scott A. Newman, Esq.
  Attorneys for Plaintiff,
  BRYAN NICHOLAS LYTLE

Dated: July 10, 2014  **SONIA R. CARVALHO**
City Attorney
City of Santa Ana


By:_____
  Laura A. Rossini, Esq.
  Senior Assistant City Attorney
  Attorneys for Defendants,
  CITY OF SANTA ANA, RICHARD RIBERIO, JOHN RODRIGUEZ, MIKE MCCARTHY, CAPRICE KIRKPATRICK

*As to the above-listed Terms of the Stipulated Protective Order, IT IS SO ORDERED:*

Dated: July 10, 2014  _____
**HON. Jean P. Rosenbluth**
**United States Magistrate Judge**

THE LAYFIELD LAW FIRM, APC
525 S. DOUGLAS ST., SUITE 280, EL SEGUNDO, CA 90245
Telephone: (424)-835-6100; Facsimile: (800) 644-9861